1

2

3

4                         UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    DONALD BROWN,                              Case No.  13-cv-02111-JST (PR)

                    Plaintiff,
8
                                                **ORDER OF DISMISSAL**
         v.
9
     CONCORD POLICE DEPARTMENT, et
10   al.,

11                  Defendants.

12

13          Plaintiff, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1983, alleging

14   constitutional violations that occurred while he was housed at the Martinez Detention Facility.  He

15   has been granted leave to proceed in forma pauperis.  Plaintiff has not exhausted California's

16   prison administrative process, however.

17           The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to

18   provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

19   § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

20   facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

21   Under this section, an action must be dismissed unless the prisoner exhausted his available

22   administrative remedies before he filed suit.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th

23   Cir. 2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life,

24   whether they involve general circumstances or particular episodes, and whether they allege

25   excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Exhaustion of

26   all "available" remedies is mandatory; those remedies need not meet federal standards, nor must

27   they be "plain, speedy and effective."  Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5

28   (2001).  Even when the prisoner seeks relief not available in grievance proceedings, notably

United States District Court
Northern District of California

money damages, exhaustion is a prerequisite to suit.  Id. at 741.  PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  Woodford v. Ngo, 548 U.S. 81, 94 (2006).  The purposes of the exhaustion requirement include allowing the prison or jail to take responsive action, filtering out frivolous cases and creating an administrative record.  See Porter, 534 U.S. at 525.

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" relating to their confinement.  Cal. Code Regs. tit. 15, § 1073.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies."  Id. at 1120.  Here, plaintiff concedes he has not exhausted his administrative remedies.  (Compl. at 1.)  Further, plaintiff has not presented any extraordinary circumstances which might permit him to be excused from complying with PLRA's exhaustion requirement.  Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

Accordingly, the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process.  See McKinney, 311 F.3d at 1199-1201.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: June 6, 2013

_____
JON S. TIGAR
United States District Judge